# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:08cr60

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RODNEY W. PUETT, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Petition of Roger Puett for Return of Firearms [Doc. 32], filed on October 2, 2009, and the Government's Motion to Dismiss Petition of Roger Puett [Doc. 34], filed on November 18, 2009.

On October 2, 2009, the Petitioner Roger Puett[1] filed the instant Petition, seeking the return of the firearms seized by the Burke County Sheriff's Department in connection with the prosecution of the Defendant Rodney W. Puett. Roger Puett states in his verified Petition that these firearms were and are the property of the Petitioner, and that no time did

---

[1] In this Order Roger Puett is referred to as the Petitioner and Rodney Puett is referred to as the Defendant.

the Petitioner give ownership or sell these firearms to the Defendant. [Doc. 32]. In support of his Petition, Roger Puett submits a "Receipt for Evidence and/or Property" indicating that on February 12, 2006, officers with the Burke County Sheriff's Office obtained ten firearms, including a Smith and Wesson .38 caliber pistol, and two firearms cases from the residence of Rodney Puett. [Id. at 3]. The Receipt for Evidence indicates that Rodney Puett is the owner of the property obtained in this search. [Id.].

The Court ordered the Government to file a response to the Petition [Doc. 33], which it did on November 18, 2009, by filing the present Motion to Dismiss. [Doc. 34]. The Petitioner has not responded to the Government's Motion. Having been fully briefed, this matter is now ripe for disposition.

The Defendant in this case, Rodney W. Puett, pleaded guilty to the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Doc. 13]. The Bill of Indictment charging the Defendant with this offense specifically identified the subject firearm as a "Smith & Wesson .38 caliber pistol." [Doc. 1]. The Judgment entered against the Defendant on June 2, 2009, included an order that the subject firearm "shall be destroyed as by law provided." [Doc. 20 at 5].

Although the Petitioner does not cite any legal authority in support of his Petition, it appears that the Petitioner seeks the return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, which provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In order to return property pursuant to Rule 41(g), the United States must first possess it. "[T]he government cannot be forced to return property that it never possessed." United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003); see also Lowrie v. United States, 824 F.2d 827, 829 (10th Cir. 1987) ("an order that the FBI return material which it does not have, nor does it have control over, cannot stand"). In response to Roger Puett's Petition, the Government has submitted the Affidavit of Jamie B. Reyes, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) and the case agent in the prosecution of the instant case. Special Agent Reyes states in his Affidavit that the search leading to

3

this case was conducted by the Office of the Sheriff of Burke County, North Carolina, on February 12, 2006, and that in doing so, Burke County acted entirely on its own and not at the direction of any federal agency. Special Agent Reyes further states that Burke County referred a possible prosecution of the Defendant to ATFE in the summer of 2006, but that all of the firearms and firearms cases seized by Burke County have remained in the possession of the Burke County Sheriff's Office and have never been in the possession of ATFE. [Affidavit of Jamie B. Reyes, Doc. 34-1 at 1]. As the Government has shown that it has never been in possession of the subject firearms, Roger Puett's petition must be dismissed.

Moreover, the Petitioner has failed to make a threshold showing of an ownership interest in the seized property. "To contest a forfeiture, one must have an ownership interest in the res." <u>United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial No. 22186</u>, 647 F.2d 864, 866 (8th Cir. 1981). Such interest "may be evidenced in a number of ways including showings of actual possession, control, title and financial stake." <u>Id.</u> In his Petition, Roger Puett alleges that he is the owner of the seized property, but he has failed to submit any proof of such ownership. "[I]n order to satisfactorily establish standing, a party must do something more than

conclusorily state that he has some undefined 'interest' in the asset subject to forfeiture." Matthews v. United States, 917 F.Supp. 1090, 1104 (E.D.Va. 1996) (quoting in part United States v. $191,910 in U.S. Currency, 16 F.3d 1051, 1057 (9th Cir. 1994)) (internal quotation marks omitted).

For these reasons, **IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Petition of Roger Puett [Doc. 34] is **GRANTED**, and the Petition of Roger Puett for Return of Firearms [Doc. 32] is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: December 30, 2009

Martin Reidinger
United States District Judge